**UNITED STATES of America,**
**Appellee,**

v.

**Carlos ESTRADA, Defendant–**
**Appellant.**

**No. 00–1189.**
**No. 00–1189(L), 02–1139(C).**

United States Court of Appeals,
Second Circuit.

Feb. 28, 2003.

Martin G. Goldberg, Franklin Square, NY, for Appellant.

Andrew J. Frisch, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, David C. James, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

PRESENT: OAKES, KEARSE, and BD. PARKER, Circuit Judges.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 28th day of February, two thousand and three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Defendant-appellant Carlos Estrada appeals from a January 25, 2002 sentence imposed by the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*). Estrada was convicted, after a trial by jury, of three counts of conspiring to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Following Estrada's conviction, the District Court sentenced him to 324 months' imprisonment, five years of supervised release, and a $150 special assessment.

On appeal, Estrada argues that at sentencing the District Court improperly denied his request for a hearing to examine the effects of medication that Estrada took during the trial on his ability to participate in his own defense and testify on his own behalf. The District Court denied Estrada's request for a hearing, concluding that the matter of Estrada's competency to stand trial had already been litigated.

The District Court assessed Estrada's competence at a pre-trial hearing, at which four witnesses testified: two psychiatrists, a clinical psychologist, and one of Estrada's former attorneys. One of the psychiatrists testified that Estrada might have a mood disorder, and he recommended that Estrada be prescribed a mood stabilizer and minor tranquilizers. The other psychiatrist and the psychologist testified that they believed Estrada to be competent to stand trial without medication. Before the conclusion of the hearing, Estrada's attorney informed the court that Estrada had agreed to take the prescribed medication voluntarily. The effect of the medication upon Estrada was discussed at two subsequent pre-trial status conferences. The second of these conferences followed the issuance of a report by the court-appointed psychiatrist concluding that, while on medication, Estrada was competent to stand

trial and able to assist his attorney in his defense. The Government and the defense jointly moved to have the District Court confirm the conclusions in the report and rule that Estrada was competent to stand trial. The court ruled that Estrada was competent.

At this conference, Estrada told Judge Johnson that the medication he had been taking "makes [him] crazy." (Transcript, January 26, 1996 ("Tr.") at 14.) Estrada's counsel informed the court that when Estrada was on the medication he was "calmer" and "able to discuss his case rationally," but when he was off the medication he was "just angry." (Tr. at 15.) Judge Johnson stated, "If the defendant has not been taking his medicine and he is irrational, we will send him back for further examination and this can go on for as long as it takes to have him available for trial." (Tr. at 15.) Mr. Estrada responded that he understood, and his counsel indicated that Estrada wanted to go to trial. (Tr. at 15.) The colloquy ended with Judge Johnson instructing Estrada's counsel that if there were any problems with Estrada, counsel should inform the court and Judge Johnson would order an examination. (Tr. at 18.)

During the trial, Estrada and his attorney met *ex parte* with Judge Johnson. Estrada's attorney had requested the meeting in order to ensure that Estrada was satisfied with his representation and that Estrada was fully informed of his right to testify. Estrada's attorney informed Judge Johnson that he had told Estrada that he had a right to testify or not to testify, and that he had given Estrada his advice on the subject. Judge Johnson reiterated to Estrada that he had a right to testify or not to testify, "[b]ut that's a decision you have to make your-

self." Estrada replied that he had discussed the matter with his attorney and that he had already decided whether he would testify. Estrada also indicated that he was satisfied with the representation he had received during the trial. Estrada did not testify.

"In making a determination of competency, the district court may rely on a number of factors, including medical opinion and the court's observation of the defendant's comportment. We will uphold a district court's finding unless clearly erroneous." *United States v. Nichols,* 56 F.3d 403, 411 (2d Cir.1995) (citations omitted). By the time he ruled on Estrada's postconviction request for a hearing, Judge Johnson had already reviewed numerous medical opinions and had ample opportunity to observe Estrada's comportment firsthand. The court-appointed psychiatrist had examined Estrada while the latter was taking his medication and deemed him competent. Judge Johnson noted, in the *ex parte* conference with Estrada and his attorney, that Estrada had behaved well during the trial.

"Additionally, since incompetency involves an inability to assist in the preparation of a defense or rationally to comprehend the nature of the proceedings, failure by trial counsel to indicate the presence of such difficulties provides substantial evidence of the defendant's competence." *United States v. Vamos,* 797 F.2d 1146, 1150 (2d Cir.1986). Thus, it is significant that, following the District Court's finding of competency, and despite Judge Johnson's repeated warnings to inform the court of any problems, Estrada's trial counsel never indicated that Estrada was unable to assist in the defense.[1]

Thus, we defer to the judgment of the District Court, including the court's reli-

---

1. The attorney who requested the post-conviction hearing on Estrada's behalf did not represent him at the trial.

ance on its own extensive observations of Estrada. *See Nichols*, 56 F.3d at 412. In light of Judge Johnson's observations, the various medical reports, the substance of Judge Johnson's *ex parte* meeting with Estrada and his attorney, and defense counsel's failure to indicate that Estrada was unable to assist in his defense, we conclude that the District Court did not abuse its discretion either in ruling that Estrada was competent to stand trial or in denying defense counsel's post-conviction request for a hearing.

To the extent Estrada relies on *United States v. Gomes*, 289 F.3d 71 (2d Cir.2002), and *Riggins v. Nevada*, 504 U.S. 127, 112 S.Ct. 1810, 118 L.Ed.2d 479 (1992), his reliance is misplaced. Unlike the defendants in those cases, Estrada was not forcibly medicated in order to render him competent to stand trial; rather, he agreed to take the medication voluntarily, before the District Court ruled on his competency.

Accordingly, the judgment of the District Court is AFFIRMED.